FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2010 JUN 11 A 11: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

**10 CA 11022 EFH**

**BERNARD MOORE**

        **Plaintiff,**

-vs-

**EPHBLOG**
**DAVID KANE**
        **Defendants**
_____ /

CASE NO: _____

COMPLAINT

MAGISTRATE JUDGE ___Crokin___

JURY DEMANDED

## COMPLAINT

This is an action to recover damages resulting from defendants' invasion of plaintiff's right to privacy, and defamatory and libelous statements made by the defendant on several web pages concerning the plaintiff and by EphBlog and its affiliates David Kane. The plaintiff seeks herein to have the defamatory and libelous web pages removed as well as to recover damages, costs and attorney's fees.

## PARTIES

1. The Plaintiff, Dr. Bernard Moore ("Dr. Moore"), is a citizen of the State of California in the County of Los Angeles in the State of California.

2. On information and belief, the Defendant, EphBlog, is a not for profit corporation in the Commonwealth of Massachusetts whose true identity is unknown, but who has clandestinely and covertly registered with and created a website with the web address of http://www.ephblog.com, which is operated by EphBlog. It has its principal place of business at 30 Washington Street, Newton, MA 02158.

1

3. On information and belief, the Defendant David Kane ("Kane") is founder EphBlog and an author and was responsible for the defamatory and libelous statements made on several web pages. He is also resident agent for EphBlog at 30 Washington Street, Newton, MA 02158.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is predicated upon diversity of citizenship as set forth in 28 U.S.C. §1332, because (a) it is a civil action; (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (c) it is an action between citizens of different states.

5. Venue is present in the District of Massachusetts pursuant to 28 U.S.C. §1391(a)(1), the judicial district where the Defendant resides, and §1391(a)(2), the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Dr. Moore is a former Visiting Assistant Professor at Williams College who was terminated on November 16, 2009 for guilty plea in the United States District Court for the District of Columbia on November 9, 2009 for conduct that <u>occurred from 2002 thru 2007</u> one year prior to his initial appointment to teach at Williams College.

7. On November 11, 2009, on the website http://www.ephblog.com, attached to this domain name EphBlog created a web page that contains significant defamatory content, as well made libelous statements that his Ph.D. was plagiarized and most importantly, he has pled guilty to fraud, including acts committed during his time at Williams.

8. Due to the popularity of the Internet, posting a web page on the internet has the potential of reaching millions of viewers almost instantaneously.

## COUNT I
### (Violation of Dr. Moore's statutory right of privacy)

9. The plaintiffs incorporate by reference all of the allegations set forth in paragraphs 1 through 16 of this Complaint as though separately set forth herein.

10. The web page in question is an unreasonable or serious interference with Dr. Moore's right of privacy.

11. In addition, one of the web pages incorporates a copyright protected picture of Dr. Moore that was obtained without Dr. Moore's written consent or permission.

12. Kane is using the web page to solicit other to disparage and defame Dr. Moore in a public forum in an attempt to cause him harm in his profession and in the academic community throughout the country.

13. Kane has common law, statutory or constitutional privilege to publish Dr. Moore's likeness without his consent or to post defamatory or libelous statements.

14. Each day that the web pages are accessible to third parties Dr. Moore suffers substantial and serious monetary harm.

## COUNT II
### (Violation of Dr. Moore's common law right to privacy)

15. The plaintiffs incorporate by reference all of the allegations set forth in paragraphs 1 through 14 of this Complaint as though separately set forth herein.

16. The web pages in question is an unreasonable or serious interference with Dr. Moore's right of privacy.

17. In addition the web page incorporates a copyright protected picture of Dr. Moore that was obtained without Dr. Moore's written consent or permission.

18. Kane is using the web page to solicit other to disparage and defame Dr. Moore.

19. Kane has no common law, statutory or constitutional privilege to publish Dr. Moore's likeness without his consent.

20. Each day the web pages is accessible Dr. Moore suffers substantial and serious monetary damages.

## COUNT III
### (Defamation/libel)

21. The plaintiffs incorporate by reference all of the allegations set forth in paragraph 1 through 21 of this Complaint as though separately set forth herein.

22. On or about November 11, 2009 Kane posted false written remarks about Dr. Moore when it posted his web page through EphBlog.

23. In particular, the comments involved allegations that Dr. Moore: "First, by most accounts we have seen, he is a horrible professor, giving everyone is his class As, while not reading their work nor providing feedback. Second, he has produced no meaningful academic research of any sort. (No one will be surprised if we discover that his Ph.D. was plagiarized). Third, and most importantly, he has pled guilty to fraud, including acts committed during his time at Williams. He is not fit to enter a Williams classroom."

24. Kane's defamatory and libelous comments were available or continue to be available for viewing by any third party having access to the internet website. When using the search engine Google with Dr. Moore's name all of defamatory and libel web pages are available for viewing by third parties.

25. Kane's public comments included false statements that would tend to expose Dr. Moore to public ridicule and tend to make other less likely to associate and do business with Dr. Moore.

26. In fact, Dr. Moore has been contact by at least one potential client ad another potential business partner that have expressed disinterest in working with Dr. Moore based on the web page.

27. Kane's statements were made with the express purpose of bringing dishonor and disrepute upon Dr. Moore.

28. As a result of Kane's defamatory and libelous statements, Dr. Moore has been substantially damaged.

29. Kane has no common law, statutory or constitutional privilege to publish these defamatory statements.

## COUNT IV
**Punitive Damages**

30. The actions of Kane, as described in paragraph 23, and the actions of all of the Defendants in authoring the false and defamatory statements on EphBlog web pages, were motivated by ill will toward Dr. Moore. Alternatively, said Defendant Kane, engaged in conduct which was so outrageous that malice toward Dr. Moore can be implied.

### JURY DEMANDS

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial in the above-entitled action.

WHEREFORE: Plaintiff Bernard Moore respectfully requests that this Court grant the relief:

1. Judgment against defendants EphBlog and David Kane, jointly and severally, for compensatory damages in the amount of $500,000 and further demands judgment against the

said Defendant David Kane, jointly and severally, for punitive damages in the amount of $2,000,000.

2. Enter preliminary and permanent injunctions order EphBlog to immediately take down the web pages associated with Bernard Moore located at http://www.EphBlog.com;

3. Enter preliminary and permanent injunctions order the EphBlog to withdraw plaintiff's picture immediately from the web pages;

4. Enter preliminary and permanent injunctions ordering EphBlog and the defendant David Kane to withdraw forthwith the defamatory and libelous comments from the web pages;

5. Enter preliminary and permanent injunctions enjoining EphBlog and the defendant David Kane from posting or publishing, in any manner, any future defamatory or libelous comments that directly or indirectly refer to the plaintiff, in any manner, in future public communications;

6. Enter judgment for the plaintiff and against the defendants EphBlog and David Kane;

7. Assess and award the plaintiff his full damages sustained, with interest;

8. Grant the plaintiff such other and further relief as this Court deems just and appropriate.

Dated: June 9, 2010

By _____
Bernard Moore,
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008
Tel. 202-360-7551
Bernard.moore@earthlink.net

In Propria Persona